UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

  Plaintiff,          Case No. 3:09-po-106

vs.

EVERETTE SCOTT,        Magistrate Judge Michael J. Newman

  Defendant.

_____

**ORDER: (1) REVOKING DEFENDANT'S TERM OF PROBATION; (2) SENTENCING DEFENDANT TO EIGHTY-EIGHT (88) DAYS INCARCERATION; (3) TERMINATING THIS CASE ON THE COURT'S DOCKET; AND (4) NOTIFYING THE PARTIES THAT THEY MAY APPEAL THIS ORDER WITHIN FOURTEEN (14) DAYS**
_____

  On July 11, 2016, judgment issued in this case following Defendant's plea of guilty to Count 1 of the Information charging him with defrauding, issuing, transferring, or causing to be issued or transferred a check or other negotiable instrument, knowing it would be dishonored. *See* doc. 24. Such conduct violates 18 U.S.C. §§ 7, 13 and Ohio Rev. Code § 2913.11(B). *See* doc. 24 at PageID 41. Following Defendant's plea of guilty, Counts 2-7 of the Information were dismissed on the motion of the Government. *Id*. The Court sentenced Defendant to two years of probation on Count 1. *See id*. at PageID 42. Defendant did not appeal the Court's final judgment.

  During Defendant's two-year term of probation, his Probation Officer petitioned the Court on October 12, 2017 for a summons alleging that Defendant committed three alleged probation violations; namely that Defendant: (1) had been charged with theft, a first-degree misdemeanor, in the Clark County, Ohio Municipal Court, case number 17003356/1; (2) failed to complete the required 40 hours of community service within the first year of his probation; and (3) failed to make required restitution payments. *See* Petition for Summons dated October 12, 2017 (doc. 27).

The Court issued a summons that same date, *i.e.*, October 12, 2017, ordering that Defendant appear before the Court to answer to the alleged probation violations set forth in the petition. *See* doc. 28.

Defendant failed to appear on November 1, 2017 as ordered and the Court reset the probation violation hearing for November 8, 2017. When Defendant failed to appear on November 8, 2017, the Court issued a warrant for Defendant's arrest. *See* doc. 29.

Defendant did not appear before this Court on the petition or as a result of the arrest warrant until October 23, 2018. On October 23rd, the Court held a probation violation hearing. Julienne McCammon appeared on behalf of the government by telephone. Defendant was present during the hearing and was represented by Assistant Federal Public Defender Art Mullins. During the hearing, Defendant admitted to the violations set forth in the October 12, 2017 petition. Defendant also admitted to two new alleged probation violations that had not, at that time, been formally presented to the Court for action. The Court, without objection, continued the probation violation hearing until October 24, 2018 and detained Defendant.

Immediately following the probation violation hearing on October 23, 2018, Defendant's Probation Officer issued an amended petition for issuance of a summons. *See* Petition for Summons dated October 23, 2018. The allegations in the amended petition set forth the same violations contained the original October 12, 2017 petition with the addition of two new alleged probation violations; namely, that Defendant was charged with: (4) using or possessing drug paraphernalia, a fourth-degree misdemeanor, in the Clark County, Ohio Municipal Court, case number 18CRB2263; and (5) a second-degree misdemeanor drug offense in the Clark County Municipal Court, case number 18CRB2855. According to the online docket of the Clark County Municipal Court, the conduct giving rise to the fourth-degree misdemeanor charge occurred on July 29, 2018, whereas the conduct date giving rise to the second-degree misdemeanor charge occurred on September 24, 2018.

## New Violations Alleged in the Amended Petition

Because Defendant's two-year probation term commenced on or about July 11, 2016, such term, absent an extension of the probation term, expired on or about July 11, 2018. *See* 18 U.S.C. § 3564(a) (stating that "[a] term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court"). Because the conduct giving rise to these two new alleged probation violations did not occur within Defendant's probation term, the Court potentially lacks jurisdiction to act on these two new allegations. *See* 18 U.S.C. § 3565(a) (stating that "[i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may . . . continue him [or her] on probation, with or without extending the term or modifying or enlarging the conditions; or . . . revoke the sentence of probation and resentence the defendant").

Defendant's term of probation may have been extended by virtue of any imprisonment of more than 30 days on a state or federal conviction. *See* 18 U.S.C. § 3564(b) (stating that "[a] term of probation does not run while the defendant is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than thirty consecutive days"). However, there is no information before the Court at this time suggesting that Defendant was imprisoned more than 30 days on either a state for federal conviction during his term of probation. (Defendant was not convicted of theft in the Clark County Municipal Court until sometime after he pled guilty on September 24, 2018, *i.e.*, after expiration of his term of probation.) Accordingly, absent evidence that Defendant's probation term was extended by virtue of imprisonment on a state or federal conviction during his term of probation, the Court lacks jurisdiction to act on the two new probation violations.

## Violations Alleged in the Original Petition

With regard to the three probation violations alleged in the original petition, the Court does have jurisdiction to act concerning those violations because the Court issued a summons concerning those allegations on October 12, 2017, *i.e.*, prior to expiration of Defendant's term of probation. *See* 18 U.S.C. § 3565(c) (stating that "[t]he power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation").

With regard to alleged violations 1, 2, and 3 -- which Defendant has admitted -- and for the reasons more fully stated on the record during the continued probation revocation hearing held on October 24, 2018, the Court **REVOKES** Defendant's probation and **SENTENCES** him to a eighty-eight (88) day term of incarceration.[1] This matter is **TERMINATED** on the Court's docketed. The parties are advised that they have fourteen (14) days within which to file an appeal.

**IT IS SO ORDERED.**

Date: __October 24, 2018__           s/ Michael J. Newman
                                                                 Michael J. Newman
                                                                United States Magistrate Judge

---

[1] The Court sentenced Defendant to 90 days incarceration with credit for 2 days he has served in federal custody prior to sentencing in this case.